**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| CHARLES HERLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-1107 |
| | ) | |
| THYSSENKRUPP ACCESS CORP., | ) | **Removed from the Circuit Court** |
| THYSSENKRUP ACCESSIBILITY | ) | **of Jackson County, Missouri** |
| HOLDING GmbH AND THYSSENKRUPP AG,| ) | **(Case No. not yet assigned)** |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL OF CIVIL ACTION**

Defendants ThyssenKrup Accessibility Holding GmbH ("TKAHG") and ThyssenKrupp Ag ("TKAg") (collectively "Foreign Defendants"), by and through their attorneys, appear in the above–captioned action for the purpose of removing to the United States District Court for the Western District of Missouri the action styled *Charles Herling v. ThyssenKrupp Access Corp., ThyssenKrup Accessibility Holding GmbH and ThyssenKrupp AG,* Case No. not yet assigned, currently pending in the Circuit Court of Jackson County, Missouri. Foreign Defendants remove this case pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and in support of this removal Foreign Defendants state as follows:

1.      Foreign Defendants have been named in this civil action, filed on or about November 2, 2010, in the Circuit Court for the Sixteenth Judicial Circuit, Jackson County, Missouri. Plaintiff seeks damages allegedly arising out of his employment relationship with and termination by non-Foreign Defendant ThyssenKrupp Access Corp.

2.      Plaintiff is a citizen of Kansas. Petition at ¶ 1.

3.      TKAHG and TKAg are entities formed under the laws of the Federal Republic of

Germany and have no principal place of business in Missouri.

4. Defendant ThyssenKrupp Access Corp. ("TKA") is incorporated under the laws of the State of Delaware with its principal place of business in Missouri. However, as explained below, TKA's citizenship must be disregarded as it currently has not been properly joined and served.

5. This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there exists complete diversity between the parties in that Plaintiff is a citizen of Kansas, and no defendant is a citizen of Kansas.

6. TKA is a local defendant. However, because TKA, the only local defendant, has not been served in this matter, removal is proper in that "none of the parties in interest properly *joined* and *served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added); *Taylor v. Cottrell, Inc.*, 2009 WL 1657427, at *2-3 (E.D. Mo. June 10, 2009) (refusing to remand because "(t)he plain language of section 1441(b) precludes remand" where no forum defendant was served at the time of removal).

7. The amount in controversy of Plaintiff's claim exceeds the sum or value of $75,000, exclusive of interest and costs. The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether the fact finder might legally conclude" that a plaintiff's damages are greater than $75,000. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002).

8. Courts consider compensatory damages, punitive damages and attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

9. Plaintiff alleges he has "sustained and will continue in the future to sustain damages in the form of lost income and benefits and emotional distress." *See* Petition, ¶ 35. Plaintiff also seeks punitive damages. *See* Petition, ¶¶ 35-36.

10. Foreign Defendants believe in good faith that the amount in controversy exceeds $75,000, based upon the allegations in Plaintiff's Petition.

11. Because Foreign Defendants have not been served in this action, this Notice of Removal is timely filed within 30 days of receipt of Plaintiff's Petition. This action was filed on or about November 2, 2010 and is not more than one year old.

12. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Foreign Defendants will give written notice thereof to Plaintiff and will file a copy of their Notice of Removal with the Circuit Court of Jackson County, State of Missouri.

13. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition, which is the entire state court file on this matter, is attached hereto as Exhibit A.

14. Both Foreign Defendants consent to removal of this action. TKA has not been served and, therefore, its consent to removal is not required. *See Caranchini v. Bank of America, N.A. et al.*, 2010 WL 3782171, at *3 (W.D. Mo. Sept. 22, 2010) (citing *Roberts v. Palmer*, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005) and 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3730 (4th ed. 2009)).

WHEREFORE, ThyssenKrupp Accessibility Holding GmbH and ThyssenKrupp Ag request that this action be removed from the Circuit Court of Jackson County, State of Missouri to the Western District of Missouri, for all purposes.

Respectfully submitted,

s/Tracey F. George
Donald S. Prophete                    #56058
Tracey F. George                      #52361
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
Park Central Plaza
4717 Grand Avenue, Suite 300
Kansas City, MO  64108
(816) 471-1301
(816) 471-1303  *(Facsimile)*
tracey.george@ogletreedeakins.com

**ATTORNEYS FOR THYSSENKRUP
ACCESSIBILITY HOLDING GmbH
AND THYSSENKRUPP AG**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 5th day of November, 2010, that a copy of the above and foregoing was mailed U.S. mail to the following:

Mark A. Jess
Christie Sherman Jess
John J. Ziegelmeyer III
1600 Genessee, Suite 842
Kansas City, MO 64102-5639

ATTORNEYS FOR PLAINTIFF

s/Tracey F. George
**ATTORNEY FOR THYSSENKRUP
ACCESSIBILITY HOLDING GmbH
AND THYSSENKRUPP AG**

9390781.1 (OGLETREE)