IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLES HERLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-1107-CV-W-ODS |
| | ) | |
| THYSSENKRUPP ACCESS CORP., | ) | |
| THYSSENKRUP ACCESSIBILITY | ) | |
| HOLDING GmbH AND THYSSENKRUPP AG, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS TKAHG AND TKAG's
OPPOSITION TO MOTION TO REMAND**

Defendants ThyssenKrup Accessibility Holding GmbH ("TKAHG") and ThyssenKrupp AG ("TKAG") (collectively "Defendants"), appear only for the purpose of opposing remand.[1]

*Introduction*

Removal is proper in this case for two distinct reasons: (1) complete diversity exists among all *named* parties (28 U.S.C § 1441(a)), and (2) the Forum Defendant rule does not preclude removal because it only applies when a properly *joined* and *served* defendant is a citizen of the forum state (28 U.S.C. § 1441(b)). Plaintiff's reliance on *Pecherski*[2] and its progeny is misplaced as those cases involved a lack of diversity among the named parties, which does not exist in this case. Consequently, jurisdiction is proper in this Court, and Plaintiff's Motion to Remand should be denied.

---

[1] Neither of these Defendants has been served and, as such, each appears for the limited purpose of opposing remand and without waiving their rights to be properly served prior to filing any responsive pleading addressing the merits of this case.

[2] *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981).

*Argument and Authorities*

A.   **Removal of This Matter is Appropriate Because There is Complete Diversity Between the Parties and The Forum Defendant Rule Does Not Apply.**

A determination of whether removal is appropriate in this matter requires two, distinct inquiries: (1) Is there diversity of citizenship; and (2) Does the Forum Defendant Rule preclude removal?

   1.   **Step 1: Is there diversity of citizenship, making removal proper under 28 U.S.C. § 1441(a)?**

This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there exists complete diversity between the parties. Specifically, Plaintiff Herling is a resident of Kansas, TKA is a resident of Missouri, and TKAG and TKAHG are residents of Germany. (Doc. 1, Petition at ¶ 1; Notice of Removal at ¶¶ 3-4). Considering the citizenship of all named parties, whether or not served, complete diversity exists. 28 U.S.C. § 1332(a)(3). Consequently, removal is proper under 28 U.S.C. § 1441(a).

   2.   **Step 2: Is there a properly joined and served forum defendant precluding removal pursuant to 28 U.S.C. § 1441(b)?**

It is undisputed that complete diversity exists between the named parties. As such, this action is removable "only if none of the parties in interest properly *joined* and *served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441 (emphasis added) (hereinafter "Forum Defendant Rule"). [3] It is undisputed that TKA—the only Missouri Defendant—was not properly served at the time of removal (and still has not been served). (Doc. 5, at ¶ 3). Accordingly, the Forum Defendant Rule does not preclude removal, and

---

[3] Under 28 U.S.C. § 1441(b), the so-called "forum defendant rule," a defendant can remove a case based on diversity jurisdiction "only if none of the parties in interest properly *joined* and *served* as defendants is a citizen of the State in which such action is brought." *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005); *Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir. 2005) (quoting 28 U.S.C. § 1441(b)); *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) (28 U.S.C. § 1441(b) "further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought").

jurisdiction is proper before this Court.

**B.     Plaintiff's Reliance on *Pecherski* and its Progeny is Misplaced.**

Plaintiff incorrectly argues that *Pecherski*, *Webb*,[4] and *Guitterez*[5] require remand of this case, but they do not. Those cases are unquestionably inapposite because there was not complete diversity between the named parties (Step 1). Conversely, in this case, there is complete diversity between the named parties.

Specifically, in *Pecherski* and its progeny, the Courts held that diversity of citizenship is determined by considering the citizenship of all named defendants, regardless of service (Step 1).[6] And, the failure to serve a Defendant does not create diversity where it does not otherwise exist.[7] For example, in *Webb*, both the plaintiff and a named (but unserved) defendant were residents of Missouri.[8] This Court held that because both were from Missouri, there was no diversity, and failure to serve the named Missouri defendant did not create diversity.[9] This ruling is consistent with *Pecherski* and *Gutierrez* (e.g. *Pecherski* involved a plaintiff and defendant both from Missouri. *Gutierrez* involved a plaintiff and defendant both from Missouri).

This case is different from *Pecherski*, different from *Webb*, and different from *Gutierrez*. There is complete diversity of citizenship in this case, regardless of service. The Defendants in this case are not arguing that diversity was created by Plaintiff's failure to serve TKA. Diversity already exists. Instead, the Defendants argue that the Forum Defendant Rule (Step 2) does not

---

[4] *Webb v. Officemax, Inc.*, 07-0403-CV-W-ODS, 2007 WL 1847195 (W.D. Mo. June 25, 2007).
[5] *Gutierrez v. People to People, Intl.*, 08-00780-CV-W-SOW, p. 2 (W.D. MO 2008) (Doc. 5, at Exh. C).
[6] *Pecherski*, 636 F.2d at 1160 ("the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service")(internal citations omitted); *Webb*, 2007 WL 1847195, at *2 ("(Defendant) has not been served, but his citizenship must still be considered when ascertaining whether diversity of citizenship exists"); *Guttierrez*, 08-00780-CV-W-SOW, p. 2 (citing *Pecherski* for the proposition that diversity of citizenship requires a consideration of all named defendants).
[7] *See id.*
[8] 2007 WL 1847195, at *1 (Plaintiff was a resident of Missouri. Defendant Nix was believed a resident of Missouri. "The Court has no reason to believe diversity of citizenship exists.")
[9] *See id.*

apply to preclude removal because *that rule* requires consideration only of defendants properly *joined* and *served* at the time of removal. 28 U.S.C 1441(b).

In *Johnson v. Precision Airmotive, LLC*, the Court tackled this same misapprehension of the holding in *Pecherski*, explaining as follows:

> Plaintiffs misconstrue the holding in *Pecherski*. That case dealt with a Jane Doe defendant whose citizenship (once it was ascertained) destroyed diversity. The court in *Pecherski* concluded that, with respect to the Jane Doe defendant, "mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal." Despite the dicta quoted by the plaintiffs, the actual holding in *Pecherski* stated that removal was improper, not because of service, but because the removing defendant "failed to establish diversity of citizenship between [the plaintiff] and the Jane Doe defendant."
>
> In contrast, the presence of Missouri defendants in this case does not defeat diversity. Plaintiffs and defendants are diverse from one another regardless of the presence of Missouri defendants. The holding in *Pecherski* and the jurisdictional nature of § 1441(b) have no bearing on the propriety of removal here. Diversity jurisdiction in this case is proper because complete diversity exists. Removal of this case is proper because the Missouri defendants had not been served. The "service issue" and the "diversity of parties" issue are separate.

4:07CV1695 CDP, 2007 WL 4289656, at *5 (E.D. Mo. Dec. 4, 2007)(internal citations omitted).

This is the exact issue in this case. Complete diversity exists regardless of whether the Missouri Defendant is served. The issue of service is separate and unique to the application of the Forum Defendant Rule, so the holdings in *Pecherski*, *Webb*, and *Gutierrez* are inapposite.

**C.    The Plain Language of the Statute Precludes Application of the Forum Defendant Rule.**

Plaintiff himself argues "(t)he removal statutes are strictly construed" (Doc. 5, at ¶ 8 (citing *Hinkle v. Norfolk Southern Ry. Co.*, 2006 WL 2521445 (E.D. Mo. Aug. 29, 2006) and *In re Business Men's Assur. Co of America*, 992 F.2d 181, 183 (8th Cir. 1993)). That said, the text of § 1441(b) is unequivocal. A case with diverse parties is removable if none of the parties "properly *joined* and *served* as defendants is a citizen of the State in which such action is

brought." The sole Missouri Defendant in this case was not served at the time the case was removed (and still has not been served). Thus, the limitation on removal in § 1441(b) does not apply.

Notably, notwithstanding the misapprehension of *Pecherski*, the plain reading of the statutory language trumps case law to the contrary. *See Johnson*, 2007 WL 4289656 at *5. "In construing a statute [courts] are obliged to give effect, if possible, to every word Congress used." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979); *see also* 2A SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION § 46:6 (7th ed.) ("No clause, sentence or word shall be construed as superfluous, void or insignificant if a construction can be found which will give force to and preserve all the words of the statute.").

To adopt Plaintiff's misinterpretation of *Pecherski*—and deprive a defendant from removing a diversity case where a forum defendant has been named but not properly served—would read the words "and served" out of § 1441(b), rendering them superfluous.

## *Conclusion*

There can be no dispute that there is complete diversity between the named parties. And, the Forum Defendant Rule does not apply to preclude removal of this diversity case because no Missouri defendant was properly served at the time of removal. Consequently, removal was proper and Plaintiff's motion to remand should be denied.

WHEREFORE, ThyssenKrup Accessibility Holding GmbH and ThyssenKrupp Ag request that Plaintiff's Motion to Remand be DENIED.

Respectfully submitted,

s/Tracey F. George
Donald S. Prophete     #56058
Tracey F. George     #52361
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
Park Central Plaza
4717 Grand Avenue, Suite 300
Kansas City, MO 64108
(816) 471-1301
(816) 471-1303 *(Facsimile)*
tracey.george@ogletreedeakins.com

**ATTORNEYS FOR THYSSENKRUP ACCESSIBILITY HOLDING GmbH AND THYSSENKRUPP AG**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 20th day of December, 2010, that a copy of the above and foregoing was mailed U.S. mail to the following:

Mark A. Jess
Christie Sherman Jess
John J. Ziegelmeyer III
1600 Genessee, Suite 842
Kansas City, MO 64102-5639

ATTORNEYS FOR PLAINTIFF

s/Tracey F. George
**ATTORNEYS FOR THYSSENKRUP ACCESSIBILITY HOLDING GmbH AND THYSSENKRUPP AG**

9567258.1 (OGLETREE)