IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHARLES HERLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-1107-CV-W-ODS |
| | ) |
| THYSSENKRUP ACCESS CORP., | ) |
| THYSSENKRUP ACCESSIBILITY | ) |
| HOLDING GmbH and | ) |
| THYSSENKRUPP AG, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO REMAND

Plaintiff, a citizen of Kansas, initiated this suit in Jackson County Circuit Court on November 2, 2010. Defendants ThyssenKrup Accessibility Holding GmbH and ThyssenKrup AG are German corporations with their principal place of business in that country. Defendant ThyssenKrup Access Corporation ("TAC") is incorporated in Delaware and has its principal place of business in Missouri. Accordingly, TAC is deemed to be a citizen of both Delaware and Missouri. 28 U.S.C. § 1332(c)(1). Three days after the suit was filed – and before any of the Defendants were served – the German defendants removed the case to federal court. Now pending is Plaintiff's motion to remand (Doc. # 5), which is granted.

A case is removable if jurisdiction is predicated on diversity of citizenship only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The Eighth Circuit has held this "forum defendant rule" is jurisdictional. Horton v. Conklin, 431 F.3d 602 (8th Cir. 2005). Thus, Plaintiff contends, the case must be remanded. The removing defendants emphasize that section 1441(b) applies only to defendants who are both properly joined and served. They reason that the forum defendant rule does not apply because TKA was not served at the time of removal.

The forum defendant rule evinces Congress' judgment that not all cases in which diversity of citizenship exists should be in federal court. The "local prejudice" faced by defendants is absent if one of the defendants is a citizen of the forum, and in such a case a plaintiff's desire that the case proceed in state court is honored – even if the case could have been filed in federal court initially. Defendants' removal thwarts Congress' judgment.

TKA has not been served, but this does not create the loophole Defendants seek to utilize. If TKA is not served, and if the state court dismisses TKA (and if less than a year has passed, see 28 U.S. § 1446(b)), then Defendants may attempt removal. It makes no sense to leave the case in federal court on the off-chance that Plaintiff does not serve TKA. Once TKA is served, the case would have to be remanded because all defendants must agree to removal, e.g., Marano Enterprises of KS v. Z-Teca Restaurants, L.P., 254 F.3d 753, 754 n.2 (8th Cir. 2001), and the forum defendant rule would prevent TKA from joining in the Notice of Removal. In a sense, then, the issue really is whether the case should be in state or federal court while waiting to see if TKA gets served. In deciding whether to (1) require the case stay in state court or (2) allow the case in federal court, the Court believes the appropriate course is to adhere to Congress' intent as expressed in section 1441(b) and remand the case to state court.

The situation may be regarded as either a defect in the removal process or a jurisdictional defect. Either way, the case must be remanded.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: February 11, 2011    UNITED STATES DISTRICT COURT